ALLEGHANY CORPORATION, Plaintiff-Appellant,

v.

Allan P. KIRBY, Charles T. Ireland, Jr., and Fred M. Kirby, Defendants-Appellees,

Randolph Phillips, Defendant.

No. 154, Docket 28397.

United States Court of Appeals Second Circuit.

Submitted Nov. 9, 1964.

Decided Jan. 12, 1965.

* Of the Second Circuit, sitting by designation.

312

Townley, Updike, Carter & Rodgers, New York City (Stuart N. Updike, J. Howard Carter, Lee W. Meyer, Ronald S. Daniels, Richard J. Barnes, Peter G. Kelly, New York City, of counsel), for plaintiff-appellant.

Donovan, Leisure, Newton & Irvine, New York City (Granville Whittlesey,

Jr., James V. Hayes, Robert M. Loeffler, Walter L. Stratton, John J. McCann, Ben Vinar, New York City, of counsel), for defendants-appellees.

Before WATERMAN, MOORE, FRIENDLY, SMITH, KAUFMAN, HAYS, MARSHALL and ANDERSON, Circuit Judges.

PER CURIAM.

Subsequent to the filing of the three opinions in this case on May 19, 1964, reported at 333 F.2d 327, plaintiff-appellant petitioned for a rehearing by the full court. This petition was granted on July 22, 1964, Chief Judge Lumbard disqualifying himself and not participating. Later, the court having ordered that the rehearing be without oral argument, briefs were submitted by the parties, the last and final brief in rebuttal having been filed on November 9, 1964.

Upon consideration of the petition and subsequently filed memoranda, the court is evenly divided as to proper disposition of the case, for Judges Moore, Kaufman, Marshall and Anderson would affirm the decision below, reported at 218 F.Supp. 164 (S.D.N.Y.1963, Dawson, J.) and Judges Waterman, Friendly, Smith and Hays would reverse that judgment and would remand the case to the district court for further hearing there.[1]

Accordingly, the judgment below is affirmed.

[1]. In its reply brief on rehearing *in banc* appellant points out for the first time that since the claim in the state court suit relating to the exchange of stock was grounded in part on an allegedly false and misleading proxy statement, see § 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) and SEC Rule X-14A-9, federal jurisdiction existed, see J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964), and argues that § 27 of the 1934 Act, 15 U.S.C. § 78aa, made such jurisdiction exclusive and rendered the state judgment void. We find it unnecessary to rule on the argument. For, apart from any other factors, the issue of jurisdiction was raised in and decided by the New York courts, Zenn v. Anzalone, 1 App.Div.2d 662, 146 N.Y.S.2d 286 (1955), motions for reargument and for leave to appeal to the Court of Appeals denied, 1 App.Div.2d 773, 149 N.Y.S.2d 213 (1956); and no attempt to secure review by the Supreme Court of the United States was made. See Treinies v. Sunshine Mining Co., 308 U.S. 66, 78, 60 S.Ct. 44, 84 L. Ed. 85 (1939). On this the court is unanimous.