Randolph .PHILLIPS, Plaintiff,

v.

INVESTORS DIVERSIFIED SERVICES,
INC., Defendant.

No. 72 Civ. 1544 (CHT).

United States District Court,
S. D. New York.

Dec. 15, 1976.

Randolph Phillips, pro se.

Marshall, Bratter, Greene, Allison & Tucker, New York City, for defendant; Richard L. Bond, David S. Greenfeld, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

In this action by plaintiff Randolph Phillips ("Phillips") to recover the "reasonable value" of his services as successful attorney pro se in an earlier suit, a number of motions are currently pending. Defendant Investors Diversified Services, Inc. ("IDS") has moved for a dismissal of the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules") or, in the alternative, for summary judgment under Rule 56. Plaintiff has moved under Rule 11 for an order striking the answer to the amended complaint as a "sham" and "false."[1] In addition, Phillips has produced a customary flurry of motions aimed at opposing counsel rather than at the issues of this protracted litigation: in particular, he has moved to disqualify IDS's counsel, Richard L. Bond, to stay all other actions until such disqualification motion is determined, and to declare Bond in contempt for making a false affidavit. For the reasons stated below, all of plaintiff's motions are denied, and defendant's motion for summary judgment is granted in its favor.

---

1. Plaintiff denominates most of his papers in part as "In Support of Plaintiff's Cross-Motion for Summary Judgment." No such motion is currently before the Court, the last having been denied as moot on December 19, 1974.

### History of the Action

The origins of this case reach back several decades. At an earlier stage of the controversy, over 12 years ago, the United States Court of Appeals for the Second Circuit prefaced an opinion, "For some ten years, the subject matter of the lawsuit now on appeal has been before the New York State and federal courts." *Alleghany Corp. v. Kirby,* 333 F.2d 327 (2d Cir. 1964), *aff'd on rehearing en banc,* 340 F.2d 311 (2d Cir. 1965), *cert. dismissed,* 384 U.S. 28, 86 S.Ct. 1250, 16 L.Ed.2d 335 (1966). Judicial involvement with this matter began in the Spring of 1954, when eight shareholders' derivative actions were filed in New York state court on behalf of Alleghany Corporation ("Alleghany") against various of its officers and directors challenging the propriety of an exchange of securities, including shares of IDS, between the corporation and certain shareholders. Further actions were subsequently filed in the Southern District of New York. *See Alleghany Corp. v. Kirby,* 218 F.Supp. 164, 173–79 (S.D.N.Y. 1963), *aff'd,* 333 F.2d 327 (2d Cir. 1964), *aff'd on rehearing en banc,* 340 F.2d 311 (2d Cir. 1965), *cert. dismissed,* 384 U.S. 28, 86 S.Ct. 1250, 16 L.Ed.2d 335 (1966). The state court actions were settled with court approval in late December of 1959, and a judgment dismissing the actions on the merits as to all parties was entered on June 21, 1960. *Id.* at 179; *cf. Zenn v. Anzalone,* 17 Misc.2d 897, 191 N.Y.S.2d 840 (Sup.Ct. 1959). Phillips, plaintiff in the instant case, had not been a party but acted as a consultant to several of the parties defendant in the settled actions and ultimately received a substantial fee award for those services. Amended Complaint ¶ 22; *see Zenn v. Anzalone,* 46 Misc.2d 378, 259 N.Y.S.2d 747 (Sup.Ct.1965). On April 19, 1960, following the conclusion of the state court litigation, Phillips was elected to the Board of IDS. *Alleghany Corp. v. Kirby, supra,* 218 F.Supp. at 181.

The second round of litigation, and the one with which this case is directly concerned, involved another shareholders' derivative action commenced in federal court on September 8, 1960. The original complaint contained two counts. The first alleged that Allan P. Kirby, Charles T. Ireland, Jr. and Phillips had reached a secret agreement to give Phillips a "position of status and compensation in return for assisting in securing a settlement" of the state court actions, which agreement acted as a fraud upon the court. Complaint, *Alleghany Corp. v. Kirby* ¶¶ 1–49, appended as Exhibit C to Affidavit of Richard Bond, sworn to December 20, 1974. The second contended that the election of Phillips as an IDS Director and his service in this position and as Chairman of IDS's Finance and Law Committee harmed the corporation and its shareholders in a variety of ways. *Id.* ¶¶ 50–69. Phillips's directorship ended on April 25, 1961, and his position as Chairman of the Finance and Law Committee was terminated as of May 31, 1961. Affidavit of Joseph F. Grinnell ¶¶ 2–3, sworn to November 4, 1974, appended as Exhibit E to Affidavit of Richard Bond, sworn to December 20, 1974. Thereafter, on December 18, 1962, an amended and supplemental complaint was filed, dropping the allegations of the second count and adding allegations which did not concern Phillips. *Alleghany Corp. v. Kirby, supra,* 218 F.Supp. at 167. On May 28, 1963 Judge Dawson of this court dismissed the complaint, finding, *inter alia,* that Alleghany had "failed completely" to establish the existence of any secret agreement between Phillips, Kirby and Ireland. *Id.* at 181–82. The dismissal as to Phillips was not appealed by Alleghany, although a long protracted appeal was pursued as to Kirby and Ireland. Amended Complaint ¶ 15; *see Alleghany Corp. v. Kirby,* 333 F.2d 327 (2d Cir. 1964), *aff'd on rehearing en banc,* 340 F.2d 311 (2d Cir. 1965), *cert. dismissed,* 384 U.S. 28, 86 S.Ct. 1250, 16 L.Ed.2d 335 (1966).

Plaintiff commenced this action in April 1972, asking for attorney's fees for his successful pro se defense in *Alleghany Corp. v. Kirby.* The case developed quickly and confusedly due to a less-than-fortuitous combination of the Master Calendar System and the overly aggressive quality of Phillip's

active pro se practice.[2] This Court, after receiving this case "for all purposes," entered an order allowing defendant IDS to amend its motion to dismiss and staying plaintiff Phillips from conducting any discovery pending resolution of IDS's motion. *Phillips v. Investors Diversified Services, Inc.*, 72 Civ. 1544 (CHT) at 9–10 (S.D.N.Y. Aug. 28, 1974). On December 10, 1974, the Court, upon stipulation of the parties, permitted the filing of an amended complaint. A subsequent order, dated February 18, 1975 affirmed the earlier order that Phillips refrain from pretrial discovery pending resolution of IDS's motion to dismiss and/or for summary judgment and Phillips's motion under Rule 11. Following Phillips's unsuccessful appeal of the section of the interlocutory order which prohibited him from communicating directly with IDS or Alleghany the case was restored to the docket of this Court for further proceedings.

### Disqualification Motion

Before ruling on plaintiff's substantive motions, the Court must briefly consider Phillips's motion for disqualification of IDS's attorney Richard L. Bond ("Bond"). Phillips bases his motion largely on the fact that Bond was an associate in the firm of Donovan Leisure Newton & Irvine ("Donovan Leisure") at the same time that Phillips served as Chairman of the Finance and Law Committee of IDS and that Donovan Leisure served as special counsel to IDS and worked with the committee. The standard in this circuit for disqualification of counsel because of prior legal representation of a now-adverse client is well established: " '[W]here any substantial relationship can be shown between the subject matter of a former representation and that of a subsequent adverse representation, the latter will be prohibited.' " *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 518 F.2d 751, 754 (2d Cir. 1975), quoting *T. C. Theatre Corp. v. Warner Brothers Pictures, Inc.*, 113 F.Supp. 265, 268 (S.D.N.Y.1953). This prohibition fulfills the purpose of enforcing the lawyer's duty of absolute fidelity and guarding against the danger of inadvertent use of confidential information. *Id.* This Court has substantial doubt as to whether the subject matter of the instant action is substantially related to any representation of IDS by Donovan Leisure. That issue need not be reached, however, for Phillips's motion may be denied on the ground that there is no relationship between Bond's current representation of IDS and Donovan Leisure's representation of IDS in 1960–61. In *Silver Chrysler Plymouth,* the court of appeals stated the rule governing this particular situation: "While this Circuit has recognized that an inference may arise that an attorney formerly associated with a firm himself received confidential information transmitted by a client to the firm, that inference is a rebuttable one." *Id.* In *Silver Chrysler Plymouth,* the court of appeals found that the former associate had rebutted the inference by his denial that he had been entrusted with any such confidences which was supported by the affidavits of two colleagues from his former law firm. *Id.* at 756–57.

The rebuttal of the inference in the instant case is at least as strong as that in *Silver Chrysler Plymouth.* Bond has made the following statement under oath: "I am as certain as one can be after the passage of fifteen years that I had no participation of any kind in Donovan Leisure's 1960–1961 IDS representation to which Phillips points." Bond Affidavit ¶ 7, sworn to February 13, 1975. Furthermore, it would seem that Phillips himself recognizes this fact. In a hearing before this Court on February 14, 1975, the following colloquy transpired:

---

2. Parts of this case were before Judges Frankel, Gurfein, Lasker, and Brieant of this court in mid-1972. A default judgment against Alleghany, then a defendant in this action was obtained at the same time that an extension of Alleghany's time to answer or move with respect to the complaint was being granted. *See Phillips v. Investors Diversified Services, Inc.*, 72 Civ. 1544 (CHT) at 2 (S.D.N.Y. Aug. 28, 1974).

"THE COURT: [Bond] wasn't there? I thought one of your problems was that he was there and he was participating.

"MR. PHILLIPS: No, sir. He was an associate of Donovan, Leisure, Newton & Irvine.

"THE COURT: But he didn't know in what way you were represented or anything else?

"MR. PHILLIPS: He was not part of the team that went out to Minneapolis with me.

"THE COURT: All right. That's on the record."

Transcript at 20–21. Insofar as the disqualification motion rests on Bond's former association with Donovan Leisure, it must fail.

Phillips has sought additional support for his motion in his contention that Donovan Leisure, through its "selection" of Bond to serve as counsel to IDS for purposes of this motion, "is attempting to do indirectly through Bond as the attorney of record what [it] is disqualified from doing directly." Phillips Affidavit ¶ 11, sworn to February 4, 1975. This argument is only one more example of Phillips's consistent practice of conducting litigation by impugning the integrity of opposing counsel as well as that of judges[3] and must fail. Bond is a member of the firm of Marshall, Bratter, Greene, Allison & Tucker ("Marshall, Bratter"), a substantial firm with more than 70 attorneys and offices in New York and Washington and who, it must be assumed, are in control of their own litigation matters. Phillips cites the case of *Cord v. Smith,* 338 F.2d 516 (9th Cir. 1964), as support for his argument. There, however, the court was confronted with an attorney whose disqualification was obviously neces-

sary but who would not withdraw from his challenged representation in the court of appeals although he had purportedly withdrawn in the district court. Thus, substantial doubt existed as to the completeness of that attorney's withdrawal. *Id.* at 521–25. No such circumstances are presented here. Donovan Leisure is not involved in the representation of IDS in this matter; Marshall, Bratter has been defendant IDS's attorney in this case since its beginning in 1972. Accordingly, Phillips's motion for disqualification is denied.

*Summary Judgment Motion*

In bringing this action for recovery of the "reasonable value of his services in defending against the charges" in *Alleghany Corp. v. Kirby,* Phillips has alleged causes of action based on statutory indemnification, agency, implied or quasi-contract and quantum meruit. In addition, he alleges that IDS's failure to pay him attorney's fees as an attorney pro se and the defendant's resistance to such a recovery in this Court constitutes a denial of the equal protection of the laws guaranteed by the fourteenth amendment to the United States Constitution and an attempt to deprive Phillips of due process of law under the fifth amendment. The Court concludes that defendant is entitled to judgment under all of the substantive theories alleged by plaintiff and that plaintiff's constitutional objections are without merit.

This Court, sitting in diversity jurisdiction, is bound to apply state substantive law. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In their briefs, the parties have discussed the issues under both the law of New York, the residence of the plaintiff and the loca-

---

3. For example, in 1972 Judge Frankel of this court wrote of Phillips:

"And the main causes of the unpleasantnesses have been the tenacious bellicosity and abusiveness of the plaintiff. Referring repeatedly to his medical problems—describing himself, with unquestioned accuracy, as 'an ill man of 61½ years of age'—plaintiff has not stinted in heaping insult upon opposing counsel; he has filed voluminous and gratuitous attacks upon various state and federal judges; he has festooned his papers with baseless and essentially irrelevant charges of fraud, including 'fraud upon this court,' 'malice,' 'hidden motives,' and, to end with one of his gentler notes, the 'obvious ignorance' of counsel for defendant. He has urged, preposterously, that counsel for defendant be 'fined' and 'censured.'" *Phillips v. Alleghany Corp.,* 72 Civ. 1544, at 3–4 (S.D.N.Y. June 15, 1972).

tion of all the legal proceedings with which the instant action is concerned, and the law of Minnesota, the state of incorporation of the defendant. In choosing between these laws, this Court is bound to follow the applicable choice-of-law rules of New York, the state in which the Court is located. *See Day & Zimmermann, Inc. v. Challoner,* 423 U.S. 3, 4, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In this particular case, however, no elaborate inquiry is necessary into the complex and still-developing choice-of-law principles of New York State. *See, e. g., Rosenthal v. Warren,* 475 F.2d 438, 440–46 (2d Cir.), *cert. denied,* 414 U.S. 856, 94 S.Ct. 159, 38 L.Ed.2d 106 (1973). Here the applicability of New York law is clearly established by New York statute and Minnesota case law.

The relevant New York statutory provisions are the corporate indemnification sections of the New York General Corporation Law. These sections were enacted into law on April 18, 1945, 1945 New York Laws ch. 869, and remained in force until September 1, 1963, at which time they were replaced by Sections 722, 725 and 726 of the New York Business Corporation Law. *See* 1961 New York Laws ch. 855 *as amended by* 1962 New York Laws ch. 819 *and* 1963 New York Laws ch. 689. Thus, they were in force during the pendency of *Alleghany Corp. v. Kirby* insofar as that action concerned Phillips since the action was begun on September 8, 1960 and was concluded as to Phillips when the final judgment was entered on June 5, 1963.

Section 64 of the New York General Corporation Law provided in pertinent part:

"Any person made a party to any action, suit or proceeding by reason that he . . . is or was a director, officer or employee of a corporation shall be entitled to have his reasonable expenses, including attorneys' fees, actually and necessarily incurred by him in connection with the defense of such action, suit or proceeding . . . assessed against the corporation . . . upon court or-

der . . . except in relation to matters as to which it shall be adjudged in such action, suit or proceeding that such officer, director or employee is liable for negligence or misconduct in the performance of his duties."

Section 68 discussed the applicability of section 64:

"Sections sixty-four, sixty-five, sixty-six and sixty-seven of this chapter shall apply to an application made to a court in this state in any of the following cases:

(a) when the corporation against whom the application is made for assessment of expenses pursuant to section sixty-four or for payment of expenses under the provisions of a certificate of incorporation, or other certificate filed pursuant to law, by-law or resolution, is a domestic corporation or a corporation doing business in this state;

(b) when such expenses were incurred in an action or proceeding maintained in a court in this state;

(c) when the application is made by a resident of this state and the director, officer or employee was a resident of this state at the time of the accrual of the alleged cause of action asserted in the litigation in which such expenses were incurred."

Thus, the statute, by its express terms, is to be applied when the right of reimbursement established by section 64 is asserted in a New York court under any one of the conditions of sections 68(a), (b) or (c). In the case at bar, both (b) and (c) are satisfied: the earlier action, *Alleghany Corp. v. Kirby,* was "in a court in this state"; Phillips is and was a resident of New York. The statute works as a direct instruction to a New York court to apply the New York indemnification provisions when, as under the circumstances of this case, a plaintiff makes application for his "reasonable expenses" as described in section 64.

Furthermore, the right established by the statute would seem to be the exclusive means to recovery of such expenses, notwithstanding Phillips's attempts to assert a right of reimbursement under a vari-

ety of other legal theories including agency, quasi-contract, implied contract, and quantum meruit. The exclusivity of the statutory remedy, apparent on the face of the statute itself, was confirmed in *Bailey v. Bush Terminal Co.*, 46 N.Y.S.2d 877 (Sup.Ct. N.Y.Co.1943), *aff'd*, 267 App.Div. 899, 48 N.Y.S.2d 324 (1st Dep't), *aff'd*, 293 N.Y. 735, 56 N.E.2d 739 (1944), in which the court discussed the right of directors to recover "reasonable expenses" incurred in the defense of an action in which they were charged with "misfeasance in office" but which ended before the predecessor of sections 64 through 68 took effect. In *Bailey*, the court held that

> "no common law right to recover reimbursement exists, and . . . in the absence of contract or statute, a director who successfully defends an action brought against him by his corporation or on its behalf cannot require the corporation to reimburse him for the cost of his expense . . . ."

*Id.* at 880;[4] *accord, Schwarz v. General Aniline & Film Corp.*, 305 N.Y. 395, 404–05, 113 N.E.2d 533, 537 (1953) (Carswell, J., concurring). The sole law to be applied to this action by a court in New York is the indemnification portion of the General Corporation Law. Plaintiff's attempts to avoid the indemnification statute by resurrecting his claim under other common law theories must fail.

■ Similarly, plaintiff may not argue that a Minnesota court would uphold his claim under a theory other than indemnification of a corporate officer or director, whether indemnification is claimed under a statute or the common law. In *In re E. C. Warner Co.*, 232 Minn. 207, 45 N.W.2d 388 (1950), the Supreme Court of Minnesota stated:

> "Confusion has resulted from a failure to recognize that the position of a director of a corporation, though fiduciary in many respects, is *sui generis* and is not to be confused with the position of that of a trustee, quasi-trustee, or agent." *Id.* at 212, 45 N.W.2d at 392.

The court went on to conclude that directors were entitled to common law reimbursement, but solely because of their status as directors. Thus, Minnesota law would look exclusively to the law governing indemnification of corporate directors and officers under these circumstances, and within this specific area a court in New York must apply New York law.[5]

Referring to New York law, this Court must conclude that plaintiff's claims fail for two reasons. First, they are barred by the statute of limitations. Second, Phillips's own services as attorney pro se do not qualify as "reasonable expenses, including attorneys' fees" for which the statute permits reimbursement.

■ The applicable statute of limitations is that which existed under the New York Civil Practice Act ("CPA"),[6] which

---

**4.** Although Bailey directly concerned a demand for reimbursement from a corporation for the defense of a shareholder's derivative suit brought in the name of that corporation, its holding is applicable to the slightly different facts of the instant action. Here, plaintiff seeks reimbursement from IDS for his defense of an action brought in the name of Alleghany. The complex financial relationship between IDS and Alleghany, which was the actual subject matter of the *Zenn v. Anzalone* cases and which need not be discussed here, *see Alleghany Corp. v. Kirby, supra,* 218 F.Supp. at 170–81, creates sufficient identity between the two corporations for *Bailey* to be applied.

**5.** Plaintiff also bases his right to recovery upon statements made to the court in *Alleghany Corp. v. Kirby* by Donovan Leisure as attorneys for his co-defendants. He claims that since Donovan Leisure has also represented IDS these statements should estop IDS from opposing this action. *See* Plaintiff's Memorandum, dated January 17, 1975, at 2–3. This argument is wholly without merit. The earlier statements, made by counsel to Phillips's individual co-defendants, are in no way relevant to this action against IDS.

**6.** The principles of *Erie Railroad Co. v. Tompkins, supra,* also mandate a federal court sitting in diversity to apply the statute of limitations of the state in which the district court sits in most circumstances. *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

was in force until September 1, 1963. Since the plaintiff's right of reimbursement exists solely by virtue of the indemnification statute, see *Schwarz v. General Aniline & Film Corp.*, 305 N.Y. at 404–05, 113 N.E.2d at 537 (Carswell, *J.*, concurring), the proper statute of limitations is section 48(2) of the CPA, which provided as follows:

> "The following actions must be commenced within six years after the cause of action accrued:
>
> .    .    .    .    .
>
> "2. An action to recover upon a liability created by statute, except a penalty or forfeiture." [7]

The cause of action in this case accrued on June 5, 1963, the date on which final judgment was entered as to Phillips in *Alleghany Corp. v. Kirby*. Thus, the action was time-barred on June 5, 1969, almost three years before this lawsuit was begun. Phillips's contentions that the cause of action accrued at some later date—*i. e.*, at the conclusion of the appeals of other parties or when Phillips's demand for payment from IDS was refused—are without merit. Phillips had a right of recovery at the conclusion of *Alleghany Corp. v. Kirby*, which right he could have asserted in that action or in a separate proceeding. New York General Corporation Law § 65(b).[8]

▆ Plaintiff's claim also fails because it does not come within the scope of the statute. Section 64 of the New York General Corporation Law provided that "a director, officer or employee of a corporation" was entitled to reimbursement for "his reasonable expenses, including attorneys' fees, *actually and necessarily* incurred by him" in the defense of the actions covered by the statute (emphasis added). In discussing the purpose of this provision, the New York Court of Appeals made it quite clear that the statute was intended to alleviate the burden placed on corporate directors and officers by large attorneys' bills. The court stated that section 64 was passed to change the common law rule by which

> "the corporation in whose behalf a stockholder's suit is brought, was not obligated .  .  . to pay legal fees incurred by directors in defending themselves as individual defendants in such an action. That left corporate directors (and officers) in an unsatisfactory position since, when sued and although successful in a stockholder's suit, they would find themselves exonerated from fault but subject to the heavy attorneys' fees characteristic of the defense of such actions.  :  .  . "

*Schwarz v. General Aniline & Film Corp.*, *supra*, 305 N.Y. at 400, 113 N.E.2d at 535.

Phillips was not subject to any such "heavy attorneys' fees." He received no bill for an attorney's services.

▆ The clarity of the statutory purpose behind the indemnification provisions also

---

**7.** This statute of limitations has been shortened to three years. *See* New York CPLR § 214(2). When a limitation period has been changed, however, the plaintiff gets the benefit of the longer of the two possible periods, with both periods measured from the date of accrual of the cause of action. *Id.* § 218.

**8.** Phillips argues that this action is governed by the 20 year statute of limitations concerning money judgments. CPLR § 211. He contends that when Judge Dawson awarded judgment to the defendant "together with the costs and disbursements of the action," *Alleghany Corp. v. Kirby, supra*, 218 F.Supp. at 187, that judgment included attorneys' fees. This argument ignores the language of the indemnification provisions, which require specific findings to be made by the court before attorneys' fees can be awarded. New York General Corporation

Law § 67. Until such findings are made, no "money judgment" for attorneys' fees has been awarded, for "money judgment" is defined in the CPLR as "a judgment, or any part thereof, for a *sum of money* or directing the payment of a *sum of money*." New York CPLR § 105(n) (emphasis added). To date, no sum of money has been awarded to Phillips as attorneys' fees by any court.

Indeed, it seems that Phillips did assert a right of reimbursement in New York Supreme Court and that this application was denied, the court stating that it lacked jurisdiction, presumably since Phillips could not "show reasonable cause for a failure to make application" in the original proceeding. *Phillips v. Alleghany Corp.*, Index No. 15360/64 (Sup.Ct.N.Y. Co., Jan. 8, 1965) (Greenberg, *J.*); *see* New York General Corporation Law § 65.

disposes of Phillips's equal protection argument. In distinguishing between those who pay attorneys to represent them and those who represent themselves, a distinction which does not involve a "suspect classification" or a "fundamental right,"[9] the New York legislature acted to relieve financial burdens experienced by the former but not experienced by the latter. This rationale legislative response to a serious problem satisfies the constitutional standard.

Finally, Phillips's argument that

"[t]he acts of defendant IDS in proposing that this Court deprive plaintiff of compensation for his services constitute an attempt to have this Court deprive plaintiff of the value of 120 days of service and 960 hours of time in violation of the Due Process of Law clause of the Fifth Amendment to the Constitution of the United States," Amended Complaint ¶ 48,

is likewise without merit. If this line of reasoning were followed to its logical conclusion, then every losing party in a legal action could claim that the court, in finding for the other side, was depriving the loser of due process of law.

For the reasons stated above, all of plaintiff's motions are denied, and summary judgment is granted in favor of defendant.

So ordered.

---

**9.** The United States Constitution contains no explicit right to counsel in civil proceedings, and any such implied right would have to be grounded in the due process clause. However, the Supreme Court's recent treatment of due process in another civil context—bankruptcy proceedings—indicates that a right to counsel in civil proceedings would not be recognized as a fundamental right by the Court. *See United States v. Kras,* 409 U.S. 434, 441–50, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).