## Morgan v.
## North Coast Cable Co.
*[Cite as 8 AOA 366]*

*Case No. 57209*
*Cuyahoga County, (8th)*
*Decided November 15, 1990*

*Jack M. Schulman, 748 Standard Building, 1370 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*William P. Gibbons and Richard L. Stoper, Jr., 1500 Leader Building, Cleveland, Ohio 44114, for Defendant-Appellees.*

SWEENEY, J.

Plaintiff-appellant Rick Morgan ("Morgan") appeals from the court's decision granting the motion filed by defendant-appellee North Coast Cable Company ("North Coast") seeking to disqualify Mr. Jack Schulman ("Schulman") as counsel for Morgan. Based on the reasoning below, we reverse and remand the trial court's ruling.

The record reveals that this case was filed on April 9, 1987. On May 23, 1988, following the withdrawal of plaintiff's counsel, Schulman entered his appearance as counsel for Morgan.[1] Prior to that date, Schulman had represented the ELRA Group ("ELRA"), a San Francisco-based cable television consulting firm, and its owner, Dr. Gerhard Hanneman. In 1985, North Coast employed the services of ELRA. Sometime thereafter, ELRA and Hanneman sued North Coast in U.S. District Court for payment of services and the granting of stock options pursuant to its employment agreement with North Coast.[2] ELRA's litigation with North Coast was settled in early May of 1988. As part of the settlement, Schulman and two other partners in his law firm were granted a very small amount of stock as limited shareholders in North Coast, which is a limited partnership formed under Ohio law. The total percentage of stock issued to the three attorneys combined is less than one percent of the total outstanding shares of limited partners.

On July 1, 1988, North Coast filed its motion to disqualify Schulman as counsel for Morgan based upon the following grounds:

"1) conflicts existing between Jack Schulman's personal financial interests and the interests of his client; 2) conflicts existing between the interests of one of Schulman's former clients, Gerhard Hanneman and the ELRA Group, and his current client, Morgan; and 3) the necessity of Schulman's participation in the case as a witness." Appellee's brief, p. 4-5.

On July 19, 1988, plaintiff filed his brief opposing the disqualification of Schulman. Attached to this brief were the affidavits of Morgan, Hanneman, and Schulman, each of which recounted the facts of waiver and consents to Schulman's representation made prior to Schulman's appearance in the case. Both Morgan and Hanneman also reaffirmed their waivers of conflict of interest and their consent to representation by Schulman. The affidavit of Schulman also discounted the belief that he would be a witness in the case because he had no knowledge of any facts or events relating to North Coast's counterclaim of the conspiracy of ELRA and Morgan to injure North Coast.

On August 2, 1988, North Coast filed its response to Morgan's brief in opposition. On August 9, 1988, Morgan filed a supplement to his brief in opposition.

North Coast filed its response to the supplement of Morgan on August 19, 1988. Morgan responded on August 23, 1988 by filing a "Final Response in Opposition." North coast filed its response to Morgan's "Final Response" on September 2, 1988.

On September 12, 1988, Morgan filed supplemental exhibits in opposition to dis-

qualification of counsel. North Coast responded to the supplemental exhibits on September 15, 1988 with a brief and exhibits. Morgan's response to North Coast's response was filed on September 23, 1988.

On January 31, 1989, the court granted North Coast's motion to disqualify Schulman as counsel for Morgan, citing two grounds:

"(1) Plaintiff counsel will be a witness giving admissible evidence. DR 5-102(A).

"(2) A conflict between the attorney's financial interest of a former client with the interests of his current client.

"There is no just cause for delay."
Court's Journal, Vol. 1118, p. 679.

This appeal raising three assignments of error followed. The first two assignments will be discussed jointly.

I. THE TRIAL COURT ERRED IN GRANTING NORTH COAST'S MOTION TO DISQUALIFY SCHULMAN ON THE BASIS OF ALLEGED CONFLICTS OF INTEREST BETWEEN SCHULMAN AND HIS CLIENTS, SINCE NORTH COAST WAS NOT ONE OF THOSE CLIENTS AND HAD NO STANDING TO COMPLAIN OF SUCH A CONFLICT.

II. THE COURT BELOW ERRED IN GRANTING NORTH COAST'S MOTION TO DISQUALIFY SCHULMAN FOR CONFLICTS OF INTEREST WITH HIS PRESENT AND FORMER CLIENTS, SINCE BOTH CLIENTS EXPRESSLY WAIVED ANY CONFLICT.

In reviewing a motion to disqualify counsel, a court must balance the "doctrine of protecting the confidentiality of the attorney-client relationship versus interfering with an individual's freedom to retain counsel of his choice." *Worth v. Huntington Bancshares, Inc.* (Nov. 25, 1987), Cuyahoga App. No. 52861, unreported, at 57-58, affirmed in part and reversed in part on other grounds (1989), 43 Ohio St. 3d 192.

The standard for disqualification of counsel is as follows:

"[A]n attorney may not represent a client in litigation against a former client if the former and current representations are both 'adverse' and 'substantially related.'

"*In re Dayco Corporation* (S.D. Ohio 1984), 102 Fed. R. Dec. 624, 628; see also *White Mtr. Corp., supra,* at 67; *Phillips v. Investors Diversified* (S.D. New York 1976),

426 F.Supp. 208, 211. The foregoing test 'fulfills the purpose of enforcing the lawyer's duty of absolute fidelity and guarding against the danger of inadvertent use of confidential information.' *Phillips, supra,* at 211." *Worth, supra,* at 59.

In the present case, North coast, which has never been a client of Schulman, asserts that its consent to Schulman's representation is required in addition to the consent of Schulman's present and former clients, to wit, Morgan and Hanneman, whose interests are adverse due to Hanneman's limited shareholder status with North Coast.

North Coast maintains that it has standing to move for disqualification due to the threat that Schulman may use certain confidential information gained from the ELRA litigation in his efforts to zealously represent Morgan. (If his efforts are successful in Morgan's favor, Schulman's and Hanneman's interest in North Coast would allegedly suffer due to the effect of the confidential information.)

The court notes that the Code of Professional Responsibility, specifically Canon 4 which deals with preserving the confidences of a client, is inapplicable. Schulman has never had an attorney-client relationship with North Coast. Simply put, North Coast has failed to prove the adversity requirement of the standard for disqualification of counsel.

North Coast also relies on the belief that Schulman, as a limited partner of North Coast, is a potential recipient of confidential information regarding North Coast. This belief is undermined by the terms of the limited partnership agreement at section 7.1(b), which allows the general partners of North Coast to deny information to a limited partner which the general partners deem confidential or detrimental to the business of the partnership. This section has already been invoked by the general partners regarding Schulman's representation of Morgan by letter dated July 29, 1988. Accordingly, this belief is a false argument.

North Coast also asserts standing due to Schulman being privy to the settlement terms of the ELRA matter and certain confidentiality orders with respect to discovery in that same matter. There is no evidence to suggest that the ELRA matter is substantially related to the present matter or that Schulman has breached or will breach the confidentiality

orders of the ELRA case. Indeed, it has not been shown that the discovery in ELRA has or will impact the present matter before the court. At best, this is an unsupported allegation.

A review of the cases cited by North Coast reveals that in every instance the attorney who is the object of disqualification proceedings has had a prior representation of an adverse party or is attempting to represent simultaneously two conflicting interests without having obtained consent and waiver. In those cases, the complaining party has either been the prior client or a present client. Thus, the general rule has been that a stranger to the attorney-client relationship has no standing to complain of a conflict of interest. Otherwise, the Canons of Professional Responsibility would have included the disclosure of conflicting interests to and consent of all parties, not just that of the client, in order to obtain an effective waiver to representation where this is a conflict of interests. See DR 4 and 5. We decline to expand the general rule to include the consent of all parties in this case. Since representation of conflicts of interest are between a client and attorney, North Coast does not have standing to complain of such representation.

Even if North Coast could assert standing, the conflicting interests, to wit, Morgan and Hanneman, have twice waived by affidavit any conflict to Schulman's representation. See *City of Cleveland v. Cleveland Electric Illuminating Co.* (N.D. Ohio, 1977), 440 F. Supp. 193; DR 5-101(A). North Coast attacks the sufficiency of these waivers on the grounds that full disclosure of the conflicting interest of Schulman was not made to Morgan and Hanneman. It is claimed that the confidentiality orders of the ELRA settlement precludes Schulman from making the necessary full disclosure. In the present case, the court does not know the extent of the disclosure except that it was made and the clients gave consent to representation after being advised of Schulman's equity interest in North Coast and the effect of a favorable verdict in this case on that equity interest. Neither does the record reflect what conflict the confidentiality orders of the ELRA litigation imparts to this case. Without more, we must presume that waiver was effective.

Accordingly, these assignments are affirmed.

## III. THE TRIAL COURT ERRED IN DISQUALIFYING SCHULMAN ON THE GROUND THAT HE WAS A NECESSARY WITNESS IN THE CASE SINCE: "A) HE WOULD NOT BE CALLED AS A WITNESS IN THE PLAINTIFF'S CASE AND; B) THERE WAS NO EVIDENCE THAT ANY TESTIMONY HE WOULD PROVIDE, IF CALLED AS A DEFENSE WITNESS, WOULD BE ADVERSE TO HIS CLIENT."

DR 5-102 of the Code of Professional Responsibility provides:

"(A) If, after undertakings-employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness *on behalf of his client,* he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B) (1) through (4).

"(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness *other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."* (Emphasis added.)

Subsection (A) is not applicable to this action because Morgan has informed the court that Schulman will not be called as a witness on behalf of the plaintiff. See Morgan's brief in opposition to North Coast's Motion to Disqualify Counsel filed on July 19, 1988, at p. 9. The court's reliance on subsection (A) in its order is clearly misplaced. That order more clearly relies on subsection (B) since North Coast has filed a conspiracy counterclaim.

At this stage of the litigation, where meaningful discovery has been stayed pending this appeal, it is impossible to say whether Schulman will be called as a witness or whether his nonprivileged testimony is or may be prejudicial to his client. See also DR 5-101(B) for a list of matters to which counsel may testify. To disqualify Schulman at this stage is premature.

Assignment affirmed.

*Judgment reversed and remanded.*

JOHN V. CORRIGAN, P.J., and McMANA-MON, J., concur.

---

[1] Morgan's complaint seeks money damages for North Coast's alleged failure to pay for service rendered and the granting of stock options on behalf of Morgan.

[2] See *The ELRA Group v. North Coast Cable Limited* (N.D. Ohio, Case No. C86-2185, May 3, 1988).